The opinion of the court was delivered this term by
Kinsey, C. J.
On the trial bf this cause, the plaintiff offered in evidence a lease from the Reformed Bergen Church, under what purported to bo the seal of the corporation, without adducing any proof of the authenticity of the seal. The sufficiency of this evidence being objected to, it was overruled by the presiding judge, and, on this failure to make out his case, the plaintiff suffered a non-suit.
The-question, therefore, now before the court is, whether this evidence was properly overruled? A case has been cited from Viner, which was originally reported by Skinner, and which, when examined in this last book, does not appear to warrant the construction that has been put upon it. So far as respects the present question, it is thus given by Skinner. “ In ejectione firmce between Lord Brounker and Sir Robert Atkyns for the mastership of the hospital of St. Catharines, which is a corporation consisting of the master, brethren and sisters; and in this case it was said, that where there is a common seal put to a deed, that is title enough of itself, without any witness to prove it, or that the major part ofo the college be agreed; and if it be said, that it was put to by the hand of a stranger, that shall be proved on the side that says so.”
This report is certainly not so free from ambiguity as might be wished, but I think the meaning may be collected from a careful examination of the case, and it appears to me *423 to go no further than to declare, that when a corporation seal is affixed to a deed, it is full evidence against the corporation of a title under them, or that it was their deed, and conveyed their title. The words of the report are, “ it is evidence of itself, without witness to prove it.” That is to prove the deed to be really executed by them, that a major part of the corporation assented to the *act; the seal proves it as evidence of -the corporate act. The subsequent language is confirmatory of this construction. “ If it is said, that it was put to by the hand of a stranger, this must be proved by the objector.” So that all that is established by this case is, that when a corporation seal is put to an instrument, its execution as a deed of the corporation is sufficiently proved to be given in evidence in an action of ejectment. I have been thus full in my examination of this case, because it has furnished, when stated by Viner in his inaccurate manner, the principal ground on which the counsel for the plaintiff has placed his case.
The question now before us is wholly different. It does not turn upon the effect or legal operation of a deed legally proved and admitted in evidence. It is, whether a deed, having a seal which is called the seal of the corporation, ought to have been admitted in evidence, without proving that it actually was what it purported to be ? The point determined at the trial was, that such a seal did not prove its own authenticity, but that evidence must be given to shew that it really was the seal of the corporation.
We are not permitted to cite cases from Espinasses Reports as authority, but they are entitled to, and will over receive from us our serious attention. Lord Kenyon held, in a case in that work, that the common seal of London proves itself, and, perhaps, construed the case in Skinner in the same manner.
The case is, however, to be examined with reference to the ordinary course of practice, and the acknowledged principles of the common lawn
*424 So far as my own experience goes, it has been usual to allow deeds and other instruments relating to real estate to go to the jury, when authenticated under the seals of the', cities of London, Edinburgh or Dublin. This has been done by virtue of the sixth section of the act of March 17, 1713-14, (Allinson_27). So of the acknowledgment of a, feme covert of a deed to convey her estate or interest, authenticated by the same city seals. 'Act of December 2, 1743, (.Allinson 132). The copies of wills, under the seals of the offices. where they are recorded, are also made good evidence by the first of these acts. Nothing is said by the legislature upon the question immediately involved in the present case; but I do not recollect a single instance in which the party offering this bind of testimony has been required to prove the identity of the seals. This may be owing to the recognition *of these corporations by the legislature, or to the difficulty of making out the proof of the fact with the necessary precision, or, perhaps, to the almost utter impossibility of imposing a false or counterfeit, for the genuine seal. Thus far the usual course of practice has warranted the admission of this testimony, and to this extent' I should be disposed always to sanction the custom.
As to the lights that may be thrown upon the question by the common law writers, the doctrine is stated by Baron Gilbert, in his Treatise on Evidence 19, in his usual perspicuous manner, and with more clearness and reason than any other author to whom I have had an opportunity of referring. He speaks of two descriptions of seata — 1. Those of public credit. 2. Those of private credit. The first, he says, are evidence in themselves, without any corroborating testimony; the second are made evidence by an oath establishing their credibility or genuineness. Those seals which fall within the former class are the seals of the king, and of his ancient and public courts of justice, established time out of mind. These seals, then, according to the obvious meaning of Gilbert, must be the seals not merely of the king’s *425 courts, but of his public courts, that is, courts instituted for the public administration of justice. Neither can the seals of any newly created tribunals be entitled to this degree of credit; they must have subsisted from time immemorial. The reason assigned for the high credit given to the acts of these courts, is that they make a part of the law and constitution of the kingdom; and have their sanction in that immemorial usage which is the foundation of the common law. The seals are, of consequence, a part of the courts themselves, supposed to be known to every one, as is every custom or law of an obligatory nature.
The same reason is applicable to the only exception which has been recognized, and the seal of a court created by act of parliament is entitled to the same absolute credit.
. On the contrary, the seals of private courts or of private persons are not evidence of themselves ; there must be proof of their credibility. It cannot be presumed that they are universally known, and consequently they must be attested by the oath of some one acquainted with them. The seals themselves, and the proof of their genuineness must go together to the jury.
These opinions, derived from so respectable authority as Baron Gilbert, narrow the question before the court, and free it from *every embarrassment. Under which description or class of cases does the seal of the Bergen corporation fall ? Oan it be called a public court or corporation ? has it existed from time immemorial ? Are its proceedings and acts sanctioned by the same length of time, and do they stand on the same foundation as the common law ? and are they known, and can they be legally presumed to be known by every member of the community ? It does not fall within this description, and its seal is not therefore entitled to universal credit.
The case to which I have before alluded, from Bspinasse, does not appear to me to vary from the doctrines laid down by Gilbert. London is a corporation of high antiquity — its *426 customs are confirmed by Magna Charta and several acts of parliament. It is the great emporium of the kingdom- — ■ the seat of all the principal courts of justice ; it has under it several courts, vested with great powers, and its authority and antiquity may well entitle it to the privilege of having its seal admitted as evidence'in itself in all the courts of the realm. Lord Kenyon may therefore be warranted in saying that the common seal of London proves itself, and we, in our practice, have uniformly done the same. But there is nothing in his opinion extending the doctrine to other corporations, more recent in their origin, and more limited in their authority.
My brother Kirkpatrick has pointed out to our notice, a case strongly corroborating the same doctrine. It was decided by Wittes, in 1754, and that learned judge there held that the deed of a corporation need only be proved to be under the corporation seal. This language evidently implies, that there must be some other and higher proof than the mere seal itself.
Since preparing the above, I have seen and read the case of Moises v. Thompson, (8 Term Rep. 303) which was very recently decided by some of the most learned and respectable judges in England. Lord Kenyon states his opinion, that some evidence should be given to prove the authenticity of a corporate seal, and the opinion is confirmed by the three other judges. This case is decisive of the question, in my mind.
On the whole, therefore, we are of opinion that the evidence was properly overruled, and the non-suit rightly entered.
Motion refused.*

 See, as to the seals of foreign governments, Phil. Evi. 301, n. 2 Conn. Rep. 85. 9 Mod. 66. Peake's Evi. 73, n.